UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zhejiang Ledison Optoelectronics Co., Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> shenzhenshijinshenxinkejiyouxiangongsi, d/b/a Jensense, <br><br> *Defendant*. | CASE NO. <br><br> **Jury Trial Demanded** |

**COMPLAINT**

This is an action brought under the Patent Act by Plaintiff Zhejiang Ledison Optoelectronics Co., Ltd. ("Plaintiff"), by and through its counsel, against Defendant shenzhenshijinshenxinkejiyouxiangongsi, d/b/a Jensense ("Jensense," or "Defendant"), for patent infringement of Plaintiff's U.S. Patent No. 9,261,242 (the "'242 Patent"), Kind Code C1, as reflected in Exhibit B. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**<u>INTRODUCTION</u>**

1. Plaintiff filed this case to prevent Defendant, who infringes upon Plaintiff's patented invention, from further selling and/or offering for sale the LED light

bulb and LED light-emitting strips being capable of emitting 4π light ("Infringing Product"). The existence of the Infringing Product has hampered Plaintiff's ability to enter and expand its footprint in the market, a market within which Plaintiff should have exclusionary rights under its patent.

2. Defendant operates an e-commerce storefront and advertises, offers for sale, and/or sells the Infringing Product online. Plaintiff brings this action to stop Defendant's infringement of the '242 Patent and to recover damages. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## THE PARTIES

3. Plaintiff Zhejiang Ledison Optoelectronics Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Hangzhou, Zhejiang Province, China.

4. Upon information and belief, Defendant, shenzhenshijinshenxinkejiyouxiangongsi, d/b/a Jensense, is a limited liability company, whose business address is listed on its Amazon storefront in Chinese, the English translation of which is "3rd Floor, 302, Building A, No.1 Shangxue Technology City 1st Road, Xinxue Community, Bantian Subdistrict, Longgang District, Shenzhen City, Guangdong Province 518112, China". See Exhibit A.

5. Upon information and belief, Defendant sells the Infringing Product at least through Amazon.com, under the name, Jensense (Seller ID: A1QL56W2XWH6BA,

https://www.amazon.com/sp?ie=UTF8&seller=A1QL56W2XWH6BA).

**JURISDICTION AND VENUE**

6. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

7. Personal jurisdiction is proper because Defendant directly targets consumers in the United States, including in Illinois, through a fully interactive storefront on Amazon.com operating under the name, Jensense, where Defendant advertises, displays, and offers to sell the Infringing Product. As confirmed by a test purchase, Defendant has sold and shipped the Infringing Product to an address within the Northern District of Illinois. See Exhibit A at p.5. As a result, Defendant has purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed patent infringement activities at the state; Plaintiff's injuries stem from the Defendant's forum-related activities of advertising, offering to sell, selling, and/or shipping the Infringing Product to the forum-state; and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

8. Defendant has targeted sales from Illinois residents by operating its online store that offers shipping to the United States, including Illinois, accepts payment in United States Dollars, is in English, and has sold and shipped the Infringing Product to Illinois residents.

9. Alternatively, personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 4(k)(2), where "a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Based on the limited information found on Defendant's Infringing Product listings and based on the Seller Alias being of foreign origin, Defendant is a foreign entity, individual, or unincorporated association that, to the extent Defendant is not subject to general jurisdiction in any single state, is not subject to any state's courts' general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because Defendant is a foreign entity or an individual, and "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

## PLAINTIFF'S BUSINESS AND THE '242 PATENT

10. Plaintiff is the manufacturer and seller of LED light bulbs and LED light-emitting strips capable of emitting $4\pi$ light ("Plaintiff's Products"). Plaintiff values its intellectual property portfolio and regularly innovates new products and protects those inventions with its intellectual property. Plaintiff also monetizes its innovations by licensing patented technology, including the technology covered by the '242 Patent, to third parties on commercially reasonable terms.

11. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting its products and patent rights.

12. On February 16, 2016, the United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 9,261,242 (the "'242 Patent"), entitled "LED Light Bulb and LED Light-Emitting Strip Being Capable of Emitting $4\pi$ Light." Thereafter, on January 28, 2020, the USPTO issued an Ex Parte Reexamination Certificate for the '242 Patent, resulting in U.S. Patent No. 9,261,242, Kind Code C1. Plaintiff asserts infringement of the '242 Patent as amended and confirmed by the C1 reexamination certificate, as reflected in Exhibit B.

13. Plaintiff is presently the owner of the Patent, having received all right, title and interest in and to the Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the patent, including the exclusive right to recover for past infringement.

14. The '242 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

15. The '242 Patent has four (4) independent claims and eight (8) dependent claims. Claim 1 of the '242 Patent, as set forth in the C1 version attached as Exhibit B, reads:

> An LED light bulb, comprising:
>
> a [LED light] light-transmission bulb shell; a core column with an exhaust tube, an electrical power lead, and a bracket; a driver and; at least one LED light emitting strip fixed on the bracket, which is supported by the exhaust tube, for fixing the at least one LED light emitting strip, electrode leads at two ends of the

5

LED light emitting strip are connected with the driver and an electrical connector via the electrical power lead in the core column, the LED light emitting strip comprises a transparent substrate strip, with a plurality of LED chips mounted thereon, [in a manner that permits] wherein the LED chips have transparent chip substrates wherein the LED chips are fixed onto the transparent substrate strip by a transparent glue to permit the at least one LED light [bulb] emitting strip to emit $4\pi$ light; [a driver; and an electrical connector,] wherein the [LED light] light-transmission bulb shell is vacuum sealed with the exhaust tube of the core column so as to form a vacuum sealed chamber, which is filled with a gas having a low coefficient of viscosity and a high coefficient of thermal conductivity, to perform convection dissipation without a metal heat sink and thereby take away heat generated by the LED light emitting strip when the LED light emitting strip is operating, via convection and conduction of the gas, through the light-transmission bulb shell; wherein the gas having a low coefficient of viscosity and a high coefficient of thermal conductivity includes He, H2, or a mixed gas of He and $H_2$, and at room temperature the gas has a gas pressure in the range of 50-1520 Torrs, wherein the bracket and the LED light emitting strips fixed on the bracket are housed in the vacuum sealed chamber, the LED light emitting strips being connected in series or in series and parallel, and arrangement of the LED light emitting strips is in the form of V, W, column, cone or plane; each of the LED light emitting strips having one LED electrode lead wire at each of two ends, with a first end of each of the LED electrode lead wires connected to one of the plurality of LED chips of the LED light emitting

strips by an electrical connection wire, while a second end of each of the LED electrode lead wires is connected to a LED electrode lead wire of another LED light emitting strip by a metal wire or to an electrical power lead of the LED light bulb, wherein the LED light emitting strips are supported with the LED light bulb by fixing the metal wires on a pillar of the core column.

16. Plaintiff's Products incorporate the patented invention and are known for the distinctive patented features embodied therein.

## DEFENDANT'S PRODUCT(S)

17. Defendant offers, sells, and/or distributes the Infringing Product on Amazon.com under ASIN B09QPYKZ3H. As demonstrated below, the Infringing Product being sold by Defendant infringes at least Claim 1 of the Patent.

18. With respect to the '242 Patent, the Infringing Product comprises 1(a) an LED light bulb. The infringement testing confirms that the Infringing Product is an LED light bulb. The tested product includes an integrated LED light source, internal electrical driver circuitry, and a power input structure, and therefore meets and satisfies the limitation of Claim 1(a) as recited.

19. With respect to the '242 Patent, the Infringing Product comprises 1(b) a light-transmission bulb shell. The infringement testing shows that the Infringing Product comprises a light-transmission bulb shell forming the outer enclosure. The bulb shell is transparent, as visually confirmed during inspection, and allows light emitted from the internal LED light-emitting strips to pass through—thereby literally meeting the

limitation of Claim 1(b).

20. With respect to the '242 Patent, the Infringing Product comprises 1(c) a core column with an exhaust tube, an electrical power lead, and a bracket. Disassembly and inspection during the infringement testing demonstrate that the Infringing Product employs a central core column structure. The core column includes an exhaust tube, an electrical power lead, and a bracket. Accordingly, the Infringing Product meets and satisfies Claim 1(c) as recited.

21. With respect to Claim 1(d) of the '242 Patent, the Infringing Product meets all recited limitations: the Accused Product comprises a light-transmission bulb shell enclosing an internal structure that employs a core column including an exhaust tube, an electrical power lead, and a bracket. The Accused Product further includes a driver and at least one LED light emitting strip fixed on the bracket, which is supported by the exhaust tube, in a manner consistent with the configuration recited in Claim 1(d). The LED light emitting strip of the Accused Product comprises a transparent substrate strip, with a plurality of LED chips mounted thereon. The LED chips have transparent chip substrates and are fixed onto the transparent substrate strip by transparent glue, as recited, thereby permitting the LED light emitting strip to emit $4\pi$ light, consistent with the claimed structure and function. Experimental observations confirm the structural and functional conformity of all elements of Claim 1(d), and the strip emits 360° omnidirectional light as a result of the recited configuration, literally meeting each limitation of Claim 1(d).

22. With respect to the '242 Patent, the Infringing Product satisfies limitation 1(e) directed to a vacuum sealed chamber formed by the light-transmission bulb shell and

the exhaust tube of the core column, filled with a low viscosity, high thermal conductivity gas for convection dissipation without a metal heat sink. The infringement testing demonstrates that the Accused Product includes an electrical connector and that the light-transmission bulb shell is vacuum sealed with the exhaust tube of the core column to form a vacuum sealed chamber. The testing further shows that upon information and belief the vacuum sealed chamber is filled with a gas used for thermal dissipation, without a metal heat sink, to remove heat generated by the LED light emitting strip through convection and conduction via the gas and the bulb shell. The gas employed is consistent with gases having a low coefficient of viscosity and a high coefficient of thermal conductivity, including He, $H_2$, or mixtures thereof, within a pressure range consistent with that recited in Claim 1(e). Accordingly, the Infringing Product meets and satisfies Claim 1(e).

23. With respect to Claim 1(f) of the '242 Patent, the Infringing Product meets each limitation as follows: the bracket and the LED light emitting strips fixed on the bracket are housed in the vacuum sealed chamber. The experimental observations further confirm that the Jensense product employs four LED light emitting strips arranged in a cone form and connected in a combination of series and parallel, which is one of the expressly recited arrangement forms in Claim 1(f). Each LED light emitting strip has one LED electrode lead wire at each of two ends. The experimental observations demonstrate that: a first end of each LED electrode lead wire is connected to one of the plurality of LED chips by an electrical connection wire; and a second end of each LED electrode lead wire is connected to a LED electrode lead wire of another LED light emitting strip or to an electrical power lead by a metal wire. The experimental results therefore literally meet

9

the electrical connection and arrangement limitations recited in Claim 1(f).

24. With respect to the '242 Patent, the Infringing Product comprises 1(g) wherein the LED light emitting strips are supported with the LED light bulb by fixing the metal wires on a pillar of the core column. The experimental observations clearly show that the LED light emitting strips are mechanically supported within the LED light bulb by fixing metal wires on a pillar of the core column. This support structure meets Claim 1(g) as recited.

### DEFENDANT'S UNLAWFUL CONDUCTS

25. The success of the invention claimed in the '242 Patent has resulted in significant infringement of Plaintiff's patent. The infringement has hampered Plaintiff's ability to generate and expand market share for Plaintiff's Products and has harmed the licensing value of the '242 Patent. Plaintiff has established an anti-infringement program that includes investigating suspicious websites and online marketplace listings found through proactive internet monitoring.

26. Plaintiff found that Defendant infringed and is still infringing the '242 Patent by selling and offering for sale the Infringing Product via the online marketplace Amazon.com.

27. Defendant targets consumers in this Judicial District by operating e-commerce storefronts and listings on Amazon designed for customers across the United States, including consumers in Illinois, by shipping products to consumers in the United States, including consumers in Illinois, and by accepting payment in U.S. dollars. See Exhibit A.

28. Defendant has offered for sale and sold the Infringing Product to residents of Illinois.

29. Defendant is not authorized to use any of Plaintiff's intellectual property, including the '242 Patent.

30. Defendant is neither a licensee nor an authorized seller of Plaintiff or any of Plaintiff's licensees.

31. Defendant has manufactured, imported, distributed, offered for sale, and sold the Infringing Product in the United States, including this District.

32. Defendant, without any authorization or license from Plaintiff, has infringed the '242 Patent by making, using, offering for sale, selling, and/or importing the Infringing Product and distributing, offering for sale, and selling the Infringing Product into the United States and Illinois over the Internet.

33. Defendant's unauthorized use and/or manufacturing of the invention claimed in the Patent in connection with the distribution, offering for sale, and sale of the Infringing Product, including the sale of the Infringing Product into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights, thereby irreparably harming Plaintiff. Plaintiff has been irreparably harmed by Defendant's infringing activities.

34. Plaintiff placed orders for the Infringing Product on Amazon.com from Defendant's storefront identified in Exhibit A. The Amazon orders directed shipment to

an address in the Chicago, Illinois area. The laboratory testing and analysis confirmed that the Infringing Product practice and/or embody the patented invention claimed in the '242 Patent. Results of the testing are attached as Exhibit C.

## COUNT I
## (DIRECT PATENT INFRINGEMENT OF THE U.S. PATENT NO. 9,261,242)

35. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

36. As shown, Defendant manufactures, imports, distributes, offers for sale, and sells the Infringing Product in the United States, including this District. Defendant, without any authorization or license from Plaintiff, has offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the Patent both literally and under the doctrine of equivalents.

37. As shown in the claim chart attached as Exhibit C, the Infringing Product being sold by Defendant infringes at least Claim 1 of the Patent. The claim chart applies Claim 1 as set forth in the '242 Patent attached as Exhibit B. The claim chart is illustrative only and is made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

38. Specifically, Defendant has infringed and continues to infringe at least one claim of the '242 Patent by making, using, importing, selling, and/or offering to sell its Infringing Product in the United States without authorization or license from Plaintiff.

39. Defendant has profited by its infringement of the '242 Patent, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

40. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of the '242 Patent in connection with the offering to sell, selling, or importing of products that infringe the '242 Patent, including such acts in the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions, as well as the lost sales and loss of repeat sales stemming from the infringing acts.

41. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

42. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is permanently enjoined by this Court from continuing its infringement of the '242 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

## COUNT II
### (UNFAIR COMPETITION)

43. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

44. Despite Plaintiff's ownership of a valid and enforceable patent embodied

in its products and sold in what should have been an exclusive market, Defendant has developed, manufactured, imported, advertised, and/or sold the Infringing Product that violates the Patent. See Exhibit A. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

45. By selling products which infringe upon the '242 Patent, Defendant is competing for sales with Plaintiff and its distributors with products that Defendant is prohibited from selling under U.S. Patent law.

46. By selling products that infringe upon the Patent, Defendant is competing for sales against Plaintiff in an unfair and unlawful manner.

47. On information and belief, Defendant's sale of products that infringe the '242 Patent has diverted sales from Plaintiff and undermined Plaintiff's patent rights.

48. On information and belief, Defendant's conduct has caused and will continue to cause harm to Plaintiff, including lost sales and erosion of its lawful patent rights.

49. Plaintiff is entitled to recover money damages to compensate for Defendant's unfair conduct.

50. Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

51. Collectively, Defendant's conduct constitutes unfair competition and has

caused Plaintiff harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

   a. making, using, offering to sell, selling, and/or importing any product that infringes one or more claims of the '242 Patent;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '242 Patent;

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the '242 Patent.

C. That Judgment be entered against Defendant finding that it has infringed upon the '242 Patent.

D. That Plaintiff be awarded damages for such infringement in an amount to

be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

E.    A finding that Defendant engaged in unfair competition.

F.    That Plaintiff be awarded its reasonable costs.

G.    Award Plaintiff such other and further relief as this Court deems just and proper.

Dated: March 8, 2026                                                           Respectfully submitted,

*/s/Chengchen Xu*
Chengchen Xu
*Counsel for Plaintiff*
NDIL Bar Number 6277362
cc.xu.iplaw@hotmail.com
418 Broadway #8555 Albany, NY, 12207
858-280-5570

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 8, 2026                                                                         Respectfully submitted,

_/s/Chengchen Xu_
Chengchen Xu
_Counsel for Plaintiff_
NDIL Bar Number 6277362
cc.xu.iplaw@hotmail.com
418 Broadway #8555 Albany, NY, 12207
858-280-5570
