**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ZHEJIANG LEDISON OPTOELECTRONICS CO., LTD., Plaintiff, | ) | Case No. 26-cv-2593 |
| v. | ) | Honorable Joan B. Gottschall |
| shenzhenshijinshenxinkejiyouxiangongsi, doing business as, JENSENSE, Defendant. | ) | |

## ORDER

This patent infringement suit comes before the court on plaintiff's request for entry of an order of default. Dkt. No. 19. Also before the court are two supplemental memoranda filed by plaintiff in light of *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793 (May 29, 2026), which was decided between April 2026, when the court authorized email service in this case, and plaintiff's June 18, 2026, request for an order of default. *See* Suppl. Mem. dated July 1 and 9, 2026; *see also Kangol*, 177 F.4th at 799.

Plaintiff pleads that it and defendant are Chinese corporations. Compl. ¶¶ 3–4, Dkt. No. 1. The Seventh Circuit held in *Kangol*, "[W]here it applies, [the Hague Service Convention] provides the permissible means of service and excludes all others. And because no provision of the Convention authorizes service by email in China, such service violates the Convention and Rule 4(f)(3)." 177 F.4th at 800. The pre-*Kangol* order entered April 21, 2026, authorizing service by email in this case must be set aside unless plaintiff meets its burden to show that the Hague Service Convention does not apply. *See id.*

Article I of the Hague Service Convention provides that the Convention "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. at 362. Consistent with *Kangol*, plaintiff bears the burden to establish that it undertook "'reasonably

diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." *Kangol*, 177 F.4th at 799 (quoting *NBA Props., Inc. v. Sched. A Defs.*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)); *accord Luxottica Grp. S.p.A. v. Sched. A Defs.*, 391 F. Supp. 3d 816, 820–21 (N.D. Ill. 2019). Only after a plaintiff has shown that it exercised reasonable diligence may Rule 4(f)(3) be invoked to authorize service of a summons and complaint by email or another alternative method of delivery. *See Kangol*, 177 F.4th at 799; *Luxottica*, 391 F. Supp. 3d at 820–21.

Following *Kangol*, this court instructed plaintiff to "provide a better explanation of how it determined that defendant has no ascertainable physical addresses." Minute order, June 23, 2026, Dkt. No. 20. Plaintiff has filed two supplemental memoranda of law but no additional evidence. *See* Suppl. Mem., July 1, 2026, Dkt. No. 21; Suppl. Mem., July 9, 2026, Dkt. No. 23. The record shows that plaintiff has identified two mailing addresses associated with defendant—one listed on its Amazon.com store and one Amazon.com produced in response to a discovery request. Plaintiff does not argue that either address is nonexistent or ambiguous in the sense that the address cannot be physically located. According to the declaration of plaintiff's attorney, plaintiff's reasonable diligence consisted of entering both addresses into Baidu.com, a popular website in China. Although each address returned several matches (44 for one and 34 for the other), plaintiff identified one address in each set of results that it avers is "substantially similar" to the mailing address being investigated. Xu Decl. ¶¶ 2–3. Given that plaintiff has found "substantially similar" addresses (the meaning of which is unclear to the court) this does not appear to be a case in which putative mailing addresses cannot, with reasonable diligence, be verified as corresponding to a specific geographic location. *See Semisilicon Tech. Corp. v. Changzhou Jutai Elec. Co., Ltd.*, 2026 WL 1694026, at *12–13 (N.D. Ill. June 11, 2026).

Plaintiff nevertheless contends that it has met its burden to show reasonable diligence based on differences between the spelling of defendant's name on its Amazon.com store and the

business name returned by Baidu.com. *See* Suppl. Mem. 2–3, July 1, 2026; Suppl. Mem. 2–4, July 9, 2026. The differences in the names are slight, consisting of a handful of letters:

- On Amazon.com: "3rd Floor, 302, Building A, No.1 Shangxue Technology City 1st Road, Xinxue Community, Bantian Subdistrict, Longgang District, Shenzhen City, Guangdong Province 518112, China;" and
- On Baidu Maps: "302, Building A, No. 1, Shangxue Technology City 1st Road, Xinxue Community, Bantian Subdistrict, Longgang District, Shenzhen City"

Xu Decl. ¶¶ 2–3, Dkt. No. 9 Ex. A.

The record does not rule out reasonable explanations for the slight differences in business names, such as differences in translation or transliteration of a Chinese-language name, use of one or more common business names or trade names, and the possibility that Baidu.com returned inaccurate information. A plaintiff must do more than identify a minor discrepancy in translated address information to satisfy the reasonable diligence test. *Kangol* requires the plaintiff to take reasonable steps to verify that a facially valid address is not in fact the defendant's address. *See* 177 F.4th at 799. In the majority of civil suits filed in federal court, the plaintiff retains a process server to investigate the defendant's physical whereabouts in order to serve the summons and complaint. It is reasonable to expect the same from a plaintiff in a "Schedule A" case to go to similar lengths to verify a facially valid address in China before finding that the reasonable diligence standard is satisfied. *See Luxottica*, 391 F. Supp. 3d at 820–21.

*Kangol* clarified that the reasonable diligence test has two prongs; the plaintiff must show "reasonably diligent efforts to (1) ascertain and (2) verify [the] defendant's mailing address." 177 F.4th at 799 (citations omitted) (numbering added). Here, plaintiff has ascertained two addresses but has not adequately verified them. *See id.*; *Deckers Outdoor Corp., v. A AO*,

2026 WL 1802901, at *4 (N.D. Ill. June 23, 2026) (differentiating between ascertaining and verifying a defendant's mailing address).

For the reasons stated, plaintiff has not carried its burden under *Kangol* to show that it exercised reasonable diligence attempting to verify the two facially valid mailing addresses for defendant. Accordingly, the Hague Service Convention precludes service by email. Plaintiff's request for an order of default, Dkt. No. 19, is therefore denied, and the order dated April 21, 2026, authorizing service by email of the summons and complaint, Dkt. No. 11, is set aside. The court on its own motion extends plaintiff's deadline to serve the summons and complaint, or to provide better evidence that it cannot do so, to and including August 13, 2026. *See* Fed. R. Civ. P. 4(m).

Date: July 14, 2026

/s/ Joan B. Gottschall
United States District Judge